# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-CIV-80743-RAR

**SUNFLOWER CONDOMINIUM
ASSOCIATION, INC.,**

      Plaintiff,

v.

**EVEREST NATIONAL
INSURANCE COMPANY**,

      Defendant.

_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION IN PART AND GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT IN PART

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Bruce E. Reinhart's Report and Recommendation on Defendant's Motion for Partial Summary Judgment [ECF No. 74] ("Report"), filed on April 28, 2020.   In the Report, Magistrate Judge Reinhart makes several substantive findings in favor of Defendant on issues raised in Defendant's Motion for Partial Summary [ECF No. 43] ("Motion"), but ultimately recommends denial of the Motion because the issues raised therein are either moot and/or inappropriate for summary judgment under Fed. R. Civ. P. 56(a).

Plaintiff and Defendant both filed objections to the Report on May 12, 2020.   *See* [ECF Nos. 84-85].   The Court held a status conference on September 22, 2020 ("Conference") to discuss the Report and objections.   *See* Paperless Minute Entry [ECF No. 115].   Having reviewed the Motion, Plaintiff's Response to the Motion [ECF No. 50], Defendant's Reply [ECF No. 56], the Report, the parties' objections, and the factual record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that 1) the Report and Recommendation [ECF No. 74] is **AFFIRMED AND ADOPTED IN PART** as set forth herein; and 2) Defendant's Motion for Partial Summary Judgment [ECF No. 43] is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

## BACKGROUND

### A.   Factual Background

This is a breach of contract action regarding Defendant Everest National Insurance Company's ("Everest") payment of Plaintiff Sunflower Condominium Inc.'s ("Sunflower") claims for repairs to address damage allegedly caused by Hurricane Irma on September 10, 2017.   *See generally* Compl. [ECF No. 1-1].   Sunflower is comprised of 33 residential multi-unit buildings (designated Building Nos. 1-33), a clubhouse (Building No. 34), and two small pump house structures (Building Nos. 35 and 36).   *See* Everest's Statement of Material Facts [ECF No. 42] ("DSOF") ¶ 8.[1]   Everest issued a commercial property insurance policy to Sunflower for the period from May 31, 2017 to May 31, 2018 [ECF No. 41-2] ("Policy").   DSOF ¶ 1.

Following Hurricane Irma, Sunflower made repairs to its building roofs and interiors, but has only replaced the roof of Building No. 35, a small pump house near the clubhouse.   DSOF ¶ 9.   Sunflower seeks to recover for the property damage to the buildings' roofs caused by the hurricane, as well as recover amounts paid for repairs to interior damage from roof leaks.   DSOF ¶ 10.   For purposes of addressing Everest's Motion and the parties' objections to the Report, there are three pertinent Policy provisions:

***First***, the Policy contains an Ordinance or Law Coverage endorsement that provides coverage for increased costs of construction when the property sustains physical damage that

---

[1]  DSOF ¶ 8 assigns the number 34 to two of the buildings and is missing Building No. 36.   The Court assumes this was a typographical error given that other parts of the record and the parties' briefs discuss Building Nos. 1-36.

triggers enforcement of an ordinance or law.    DSOF ¶ 3; Policy at 108-111 ("Ordinance or Law Endorsement").    Everest's Motion addresses Coverage C of the Ordinance or Law Endorsement, which states that if the building has "sustained covered direct physical damage," Everest will pay the "increased cost" to "(1) [r]epair or reconstruct damaged portions of that building; and/or (2) [r]econstruct or remodel undamaged portions of that building, whether or not demolition is required; when the increased cost is a consequence of enforcement and minimum requirements of the ordinance of law."    DSOF ¶ 3; Policy at 109.

The Ordinance or Law Endorsement provides the following limitations on coverage for Increased Cost of Construction:

### 3. Coverage C - Increased Cost of Construction Coverage

(2) We will not pay for the increased cost of construction if the building is not repaired, reconstructed, or remodeled.

…

### E. Loss Payment

[5.] b. With respect to the Increased Cost of Construction:

(1) We will not pay for the increased cost of construction:

(a) Until the property is actually repaired or replaced, at the same or another premises; and

(b) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage, not to exceed two years.  We may extend this period in writing during the two years.

DSOF ¶ 3; Policy at 109-110.    At oral argument before Magistrate Judge Reinhart on April 1, 2020 [ECF No. 87] ("Oral Argument") and in its objections to the Report, Sunflower asserted that it is also seeking coverage under Coverage A of the Ordinance or Law Endorsement, which provides coverage "for the loss in value of the undamaged portion of the building as a consequence

of enforcement of an ordinance or law that requires demolition of undamaged parts of the same building."   Policy at 109; *see* Oral Argument Tr. at 30:4-5; Sunflower's Obj. at 4.

*Second*, the Policy values any loss based on "actual cash value as of the time of the loss or damage," unless—within 180 days of the loss or damage—the insured notifies Everest that it seeks to recover on a "Replacement Cost" basis.   DSOF ¶ 2; Policy at 70-73.   The Policy states that Everest will not pay on a Replacement Cost basis "[u]ntil the lost or damaged property is actually repaired and replaced."   Policy at 73.

*Third*, the Policy contains a Florida Calendar Year Hurricane Percentage deductible endorsement that sets the applicable deductible for damage to each building at 3% of the building's insured value.   DSOF ¶ 5; Policy at 90-104.

### B.  Procedural Background

Sunflower filed its Complaint against Everest in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida on May 3, 2019, alleging one count of breach of contract.   *See* Compl.   Everest removed this action to federal court on June 6, 2019.   *See* Notice of Removal [ECF No. 1].   Everest filed its Answer and Affirmative Defenses on June 13, 2019 [ECF No. 4]. On January 22, 2020, Everest filed the instant Motion for Partial Summary Judgment.

In the Motion, Everest seeks partial summary judgment to establish as a matter of law that: (i) Sunflower cannot recover under the Policy's Ordinance or Law Endorsement; (ii) section 626.9744 of the Florida Statutes ("Florida's Matching Law") does not apply to Sunflower's commercial insurance policy;[2] (iii) Sunflower is limited to claiming damages on an "Actual Cash

---

[2]  Florida's Matching Law states that the following requirement applies "when a homeowner's insurance policy provides for the adjustment and settlement of first-party losses based on repair or replacement cost":

> When a loss requires replacement of items and the replaced items do not match in quality, color, or size, the insurer shall make reasonable repairs or replacement of items in adjoining areas. In determining the extent of the repairs or replacement of items in adjoining areas, the insurer may

Value" basis; and (iv) Sunflower is only entitled to damages, if any, in excess of the Policy's hurricane deductibles.   Mot. at 3.

In its Response and at Oral Argument before Magistrate Judge Reinhart, Sunflower clarified its position with respect to certain issues.   Specifically, Sunflower conceded that Florida's Matching Law does not apply, *see* Resp. at 5; indicated that it is only seeking losses in excess of the Policy's hurricane deductibles, *id.* at 13; Oral Argument Tr. 9:1-15; and clarified that it is not currently seeking recovery under the Replacement Cost option but may seek it in the future when repairs are completed, *see* Oral Argument Tr. 12:15-25.

In the Report, Magistrate Judge Reinhart agreed with Everest that the two-year limit under Coverage C is enforceable and therefore precludes coverage under the Ordinance or Law Endorsement for roof repairs to Buildings 1-34 and 36.[3]   *See* Report at 13.   Magistrate Judge Reinhart also noted that Sunflower conceded that Florida's Matching Law does not apply and that it is only entitled to damages in excess of the Policy's hurricane deductibles.   Therefore, Magistrate Judge Reinhart concluded that those issues are moot.   *Id.* at 7.   Finally, Magistrate Judge Reinhart found that because Sunflower is not presently seeking to recover under the Replacement Cost option, that issue is not ripe for disposition.   *Id.* at 14.

Despite agreeing with Everest on several substantive issues, Magistrate Judge Reinhart denied the Motion, finding that partial summary judgment was not the appropriate remedy because

---

consider the cost of repairing or replacing the undamaged portions of the property, the degree of uniformity that can be achieved without such cost, the remaining useful life of the undamaged portion, and other relevant factors.

*See* Fla. Stat. § 626.9744(2).

[3]   It is undisputed that Sunflower completed roof repairs on Building 35 within two years of Hurricane Irma.   *See* Report at 13.   However, Magistrate Judge Reinhart found that there are disputed issues of fact as to whether Building 35 can fall within the Ordinance or Law Endorsement that must be resolved at trial. *Id.* at 13-14.

the issues raised in the Motion did not dispose of a claim or defense—or a part of a claim or defense.  *Id.* at 17.

Everest and Sunflower both filed objections on May 12, 2020.   Everest does not dispute Magistrate Judge Reinhart's substantive findings but argues that the Court should grant partial summary judgment with respect to Florida's Matching Law, the hurricane deductible, and the Ordinance or Law Endorsement because: (i) the issues that Sunflower conceded are not moot and should be addressed on the merits; and (ii) the issues raised in the Motion resolve either a part of an affirmative defense (for the hurricane deductible) or one of Sunflower's theories of breach of contract (for the Ordinance or Law Endorsement and Florida's Matching Law).   *See* Everest's Obj.

Sunflower does not object to Magistrate Judge Reinhart's recommendation that the Court deny the Motion, but objects to the finding that "Sunflower is not entitled to coverage under the Law or Ordinance Endorsement for any property damage to Buildings 1-34 and 36 . . . ."   *See* Sunflower's Obj.   Sunflower argues that this finding gives an "unintended windfall" to Everest because, as phrased, it encompasses Coverage A, which was not at issue in Everest's Motion.   *Id.* at 12.   In its Response to Sunflower's Objections, Everest contends, *inter alia*, that Coverage A is outside the scope of the pleadings in the case.   *See* [ECF No. 88] at 2.

On September 22, 2020, the Court held a status conference to discuss the Report and the parties' objections.   *See* Paperless Minute Entry [ECF No. 115] ("Conference").   Specifically, the Court sought clarification from Sunflower on its theories of breach of contract, given that the Complaint alleges a single count of breach of contract without identifying the provisions of the Policy that Sunflower claims were breached, making it difficult for the Court to assess whether partial summary judgment is appropriate.   Sunflower indicated that it is indeed pursuing multiple distinct theories of breach of contract, including that Everest breached the Ordinance or Law

Endorsement Coverage C, Coverage A, and the "Loss Payment" provision of the Policy.   At the Conference, Sunflower also reiterated its concession that Florida's Matching Law does not apply to the Policy and that Sunflower can only recover damages in excess of the hurricane deductible.

## LEGAL STANDARDS

### A.  *Review of Report and Recommendation*

The Court may accept, reject, or modify, in whole or in part, a magistrate judge's report and recommendation.   28 U.S.C. § 636(b)(1).   Those portions of the Report to which objections are made are accorded *de novo* review so long as those objections "pinpoint the specific findings that the party disagrees with."   *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3).   Any portions of the Report to which no specific objection is made are reviewed only for clear error.   *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.,* 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001)*; accord Macort v. Prem, Inc*., 208 F. App'x 781, 784 (11th Cir. 2006).

### B.  *Motion for Partial Summary Judgment*

Under Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." The movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   *Id.*   In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party."   *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) (citation omitted).

The movant's initial burden on a motion for summary judgment "consists of a responsibility to inform the court of the basis for its motion and to identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (alterations and internal quotation marks omitted) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).   Once the moving party has shouldered its initial burden, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial, not just to rest upon the mere allegations or denials of the adverse party's pleading."   *United States v. Pinto,* No. 14-21650-CIV, 2014 WL 12537052, at *1 (S.D. Fla. July 8, 2014) (quoting *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)).

## ANALYSIS

The Court will address each issue on which Everest seeks partial summary judgment in turn.   As explained below, partial summary judgment is warranted on certain issues.

### A.  Ordinance or Law Endorsement

Neither party objected to Magistrate Judge Reinhart's findings that: (i) the two-year time limit for recovery under Coverage C is enforceable and therefore Sunflower is precluded from recovering under Coverage C for Buildings 1-34 and 36; and (ii) there are disputed issues of fact as to whether Building 35 falls within the Ordinance or Law Endorsement that must be resolved at trial.   Accordingly, the Court has reviewed these findings for clear error.   Finding none, the Court adopts the Report as to those findings.

The parties' objections to the Report with respect to the Ordinance or Law Endorsement are as follows: (i) Sunflower objects to Magistrate Judge Reinhart's conclusion that the enforceability of the two-year limitation entirely "precludes coverage under the Law or Ordinance Endorsement for roof repairs to Buildings 1-34 and 36" because that conclusion gives Everest an "unintended windfall" by encompassing Coverage A; and (ii) Everest objects to Magistrate Judge Reinhart's conclusion that partial summary judgment is not the appropriate remedy for this issue.

### i.  Coverage A

The Court does not interpret Magistrate Judge Reinhart's findings as encompassing Coverage A.   Indeed, Magistrate Judge Reinhart specifically noted that "[o]nly Coverage C is before the Court" because Sunflower raised Coverage A for the first time at Oral Argument. Report at 11.   The Court acknowledges that Magistrate Judge Reinhart's assertion that Sunflower is precluded from seeking "coverage under the Law or Ordinance Endorsement for roof repairs to Buildings 1-34 and 36" suggests that coverage is precluded under both Coverage A and Coverage C.   However, because Coverage A was not a subject of the parties' briefing for this Motion, the Court will adopt that finding only with respect to Coverage C and will not address at this time whether Sunflower is permitted to seek damages under Coverage A, an issue that the parties only discussed in their objections to the Report.   *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

### ii.  Whether Everest is entitled to partial summary judgment on the Ordinance or Law Endorsement Coverage C for Buildings 1-34 and 36

The Court understands Magistrate Judge Reinhart's reluctance to recommend a grant of partial summary judgment on the finding that Sunflower is precluded from seeking coverage under the Ordinance or Law Endorsement Coverage C for Buildings 1-34 and 36 given that it does not entirely dispose of any element of the Complaint's single count of breach of contract.   *See, e.g., Glob. Digital Sols., Inc. v. Grupo Rontan Electro Metalurgica, S.A.*, No. 18-80106-CIV, 2019 WL 8275153, at *2 (S.D. Fla. Nov. 27, 2019) ("When a party moves for summary judgment on a part of a claim, the party is seeking a decision on a particular element.").

However, as clarified at the Conference, Sunflower is asserting multiple distinct theories of breach of contract, one of which rests on the applicability of Coverage C.   Although the Complaint does not clearly parse said theories into separate claims, in the interest of narrowing the

issues that remain to be litigated, the Court will treat the breach of the Ordinance or Law Endorsement Coverage C provision as a distinct claim.   *See Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.*, 650 F. Supp. 2d 314, 325 (S.D.N.Y. 2009) ("When a party seeks partial summary judgment dismissing a portion of a particular claim . . . it is the claims at issue rather than the number of formal counts which determines whether summary judgment may be sought.").   Accordingly, the Court grants partial summary judgment in favor of Everest on this issue, and finds that Sunflower is precluded from seeking recovery under the Ordinance or Law Endorsement Coverage C provision for Buildings 1-34 and 36 because the undisputed facts establish that the roofs of those buildings were not replaced within two years of Hurricane Irma. DSOF ¶ 9.

### B.   *Florida's Matching Law*

Sunflower conceded that Florida's Matching Law is inapplicable in this case because the Policy is a commercial insurance policy and not a homeowner's insurance policy as required to fall within the scope of section 626.9744 of the Florida Statutes.   Resp. at 5.   Accordingly, Magistrate Judge Reinhart treated this issue as moot for purposes of the Report.   Report at 7. Everest objected, arguing that even if Sunflower conceded that Florida's Matching Law does not apply, Everest is entitled to partial summary judgment on this point.   Everest's Obj. at 3.   The Court agrees with Magistrate Judge Reinhart that judicial resources need not be expended analyzing issues that are not in dispute.   However, given that one of the breach of contract theories asserted in the Complaint is premised on Florida's Matching Law, Compl. ¶ 8, the Court nevertheless grants partial summary judgment in favor of Everest on this issue.   Florida's Matching Law does not apply in this action because the undisputed facts establish that the Policy is a commercial insurance policy, not a homeowner's insurance policy to which section 626.9744(2) would apply.   DSOF ¶ 1.

### C.   Replacement Cost Option

Neither party objected to Magistrate Judge Reinhart's conclusion that the issue of whether Sunflower is limited to claiming damages on an "Actual Cash Value" basis is not ripe for disposition because Sunflower is not currently seeking payment of its claims based on the Replacement Cost Option.   Finding no clear error in Magistrate Judge Reinhart's conclusion, the Court adopts the Report as to this issue and finds that Everest is not entitled to partial summary judgment on the question of whether Sunflower is limited to claiming damages on an Actual Cash Value basis.

### D.   Hurricane Deductibles

Although the parties agree that Sunflower is only entitled to damages, if any, in excess of the Policy's hurricane deductibles, Everest objects to Magistrate Judge Reinhart's conclusion that Everest is not entitled to partial summary judgment on this issue because it does not resolve a claim or affirmative defense, or a part of a claim or affirmative defense.   *See* Everest's Obj. at 3-4.   In its Fifth Affirmative Defense, Everest asserts that "Plaintiff's claim is barred or limited by the terms of the Policy's applicable Florida Calendar Year Hurricane Percentage Deductible endorsements . . . ."   Answer at 10.   Magistrate Judge Reinhart expressed concern that "[i]t is not an affirmative defense to argue that the amount of compensatory damages is *limited* by the terms of the Policy."   Report at 16.

However, courts have accepted affirmative defenses that state that a plaintiff can only recover if losses exceed a policy deductible.   *See, e.g., Square At Key Biscayne Condo. Ass'n, Inc. v. Scottsdale Ins. Co.*, No. 13-24222-CIV, 2014 WL 11946880, at *2 (S.D. Fla. Mar. 28, 2014) (denying motion to strike affirmative defense that stated that if losses did not exceed the applicable deductible, Plaintiff would be unable to recover); *Sands Pointe Ocean Beach Resort Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 07-21329-CIV, 2008 WL 11333815, at *1 (S.D. Fla. Oct. 24, 2008)

(denying Plaintiff's motion for summary judgment as to affirmative defense that asserted applicability of policy deductible).

The Court therefore finds that the issue of whether Sunflower can only recover damages in excess of the Policy's hurricane deductibles is a part of Everest's Fifth Affirmative Defense and grants partial summary judgment to Everest on this issue. *See* Fed. R. Civ. P. 56(a) (indicating that summary judgment can be granted on a "part of" a defense). To be clear, the Court is not making any findings as to how the deductibles should be calculated. Further, the Court agrees with Magistrate Judge Reinhart that there are issues of disputed fact with respect to whether damages are less than the Policy's deductibles. Report at 9. Accordingly, this grant of partial summary judgment simply establishes that Sunflower is only entitled to recover damages, if any, in excess of the Policy's hurricane deductibles.

<u>**CONCLUSION**</u>

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1)  The Report and Recommendation [ECF No. 74] is **AFFIRMED AND ADOPTED IN PART**; and

2)  Defendant's Motion for Partial Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of September, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:    Counsel of record
       Magistrate Judge Bruce E. Reinhart