UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80743-CV-RAR

SUNFLOWER CONDOMINIUM ASSOC., INC.,

        Plaintiff,

v.

EVEREST NATIONAL INSURANCE, CO.,

        Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION TO RECONSIDER [ECF No. 141]**

Defendant Everest National Insurance Co. moves to reconsider my prior Order on the admissibility of expert testimony. ECF No. 138 (as amended by ECF No. 143).. Specifically, Everest asks that I (1) revisit my conclusion that Plaintiff's expert Jeffrey Pellet used a reliable methodology in reaching his conclusions, and (2) clarify whether Plaintiff's Expert Rocco Calaci can testify about mesocyclonic activity, tornadic vortices, and wind funneling.

Reconsideration is "an extraordinary remedy which must be used sparingly." *Guevara v. NCL (Bahamas) Ltd.*, No. 15-24294-CIV, 2017 WL 6597980, at *1 (S.D. Fla. May 26, 2017) (J. Williams) (citation omitted). "Moreover, a motion for reconsideration should not be used as a 'vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made.'"

*Compagnoni v. United States*, No. 94-0813-CIV, 1997 WL 416482, at *1 (S.D. Fla. May 13, 1997) (J. Marcus) (citation omitted), *aff'd,* 173 F.3d 1369 (11th Cir. 1999). There are only three bases for granting a motion for reconsideration: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357 (S.D. Fla. 2004) (J. Gold).

Everest argues that my conclusions were clear error. "Clear error is a highly deferential standard of review." *Holladay v. Allen,* 555 F.3d 1346, 1354 (11th Cir. 2009)). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quotation omitted). Or, as Judge Altman recently explained, "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Howzell v. Saul,* 20-80142-CIV, 2020 WL 5077029, at *1 (S.D. Fla. Aug. 27, 2020) (J. Altman) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

With regard to Mr. Pellet's testimony, Everest merely regurgitates the same factual and legal arguments it made in its briefing on the underlying motion. For example, the Motion to Reconsider quotes at length from pages 78-80, 114, and 166 of Mr. Pellet's deposition. ECF No. 141 at 2-4. All of these excerpts were cited in Everest's Motion to Strike. ECF 92 at 6. All were considered in reaching my

conclusion. ECF No. 138 at 13 ("I have reviewed the portions of the deposition cited by Everest."). In short, the Court did not, and does not, agree with Everest's position. That disagreement does not constitute clear error.

Everest next seeks clarification of my prior Order regarding Mr. Calaci. As Everest correctly notes, the Discussion section of the Order stated that Mr. Calaci could not testify about mesocyclonic activity or tornadic vortices, but the conclusion erroneously stated that Everest's Motion to Strike Mr. Colaci's testimony was denied in full. An Amended Order has been entered that resolves this issue. ECF No. 143.

Finally, Everest notes that my Order did not address potential testimony by Mr. Calaci's about wind funneling. Everest points out that Sunflower did not oppose excluding this testimony. Everest asks that the Order be amended to specifically preclude Mr. Calaci from testifying about wind funneling.

The Order did not address wind funneling because Mr. Calaci's expert report does not propose that he would offer an opinon on this topic. *See* ECF No. 138 at 14 (summarizing expert's report, ECF 92-4 at 31-32). Perhaps that is why Sunflower did not oppose excluding the non-existent testimony. Because the issue was not joined for decision, nor did it appear to present a live controversy, I did not address it. That conclusion was not clear error.

**DONE and ORDERED** in Chambers this 11th day of February, 2021, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE